IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Roy Lee Williams, )
    Petitioner, )
    )
v. ) 1:10cv823 (GBL/IDD)
    )
Gene M. Johnson, et al., )
    Respondents. )

## MEMORANDUM OPINION

Roy Lee Williams, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his continued incarceration after he became eligible for parole. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Williams was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply. For the reasons that follow, Williams' claims must be dismissed.

### I. Background

Williams is an inmate confined within the Virginia Department of Corrections (VDOC) pursuant to his convictions in the Circuit Court for the City of Norfolk, Virginia of robbery, kidnapping/abduction, sexual assault, rape, and use of a firearm in the commission of a felony. Williams was sentenced to life plus twenty-two years incarceration, and he became eligible for parole on December 30, 2003.

Williams filed a petition for writ of habeas corpus in the Supreme Court of Virginia, challenging the facial constitutionality of Virginia's parole laws. The court dismissed the petition on April 21, 2010 and denied the petition for rehearing on June 16, 2010. Williams v. Director of the Dep't of Corr., Case No. 100567, ECF No. 6-2. Williams filed the instant federal

habeas petition no later than July 15, 2010,[1] arguing that "Va. Code § 53.1-136(1) is unconstitutional in toto, that Va. Code § 53.1-136(2(a)) is unconstitutional in part, and that Va. Code § 53.1-155 is unconstitutional in part [, and b]ut for the said unconstitutional state statutes, the petitioner would have been released from imprisonment on his parole eligibility date [,so h]is continued imprisonment is plainly unlawful." See Pet. at 22, ECF No. 1. Specifically, petitioner raises the following arguments:

(1) Va. Code § 53.1-136(1) is facially unconstitutional and void in part for granting the respondents naked arbitrary power in patent violation of the guarantees of due process of law that are made to the petitioner by both the Virginia Constitution and the Constitution of the United States of America.

(2) Va. Code § 53.1-136(1) is facially unconstitutional and void in part under the Void-for-Vagueness doctrine.

(3) Va. Code § 53.1-136(1) is facially unconstitutional and void in part because the said Code contains the words "and are found suitable..., according to those rules adopted pursuant to subdivision 1," which refers to language that is being challenges in claims (1) and (2).

(4) The words "Adopt, subject to approval by the Governor eligibility requirements" in Va. Code § 53.1 136(1) are facially unconstitutional and void as being a separation of powers violation.

(5) Va. Code § 53.136(1) is facially unconstitutional and void in part on the basis of void for vagueness because the said Code contains the words "Adopt, subject to approval by the Governor, ....eligibility requirements."

(6) The words "The Board shall also determine that his release on parole will not be incompatible with the interests of society or of the prisoner" in Va. Code § 53.1-155 are unconstitutional on the basis of being void for vagueness.

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In the petition, Williams states that he placed the petition in the prison mailing system on May 5, 2010, but petitioner enclosed a cover letter with his petition dated July 8, 2010. The envelope was stamped "MAILED July 15, 2010" by the prison mailroom, and the petition was received on July 20, 2010. For the purposes of this Memorandum Opinion, this factual issue need not be determined.

(7) The Supreme Court of Virginia's holding that "habeas corpus does not lie" violated petitioner's state and federal constitutional rights to due process of law.

(8) The Supreme Court of Virginia's reliance on Carroll v. Johnson, 278 Va. 683, 694 (2009), violated petitioner's state and federal constitutional rights to due process of law because Carroll is not on point.

(9) The Supreme Court of Virginia has violated the petitioner's state and federal constitutional rights to the equal protection of the laws by contending that the petitioner may not employ habeas corpus to attack unconstitutional state laws while the court did not raise any such objection in the habeas corpus case of Hancock v. Brown, 212 Va. 215 (1971) (en banc).

(10) The Supreme Court of Virginia's contention that habeas corpus may not be used to attack unconstitutional state laws is plainly wrong because it is obvious that anything causing unlawful custody may be attacked by a petition for a writ of habeas corpus.

On November 16, 2010, respondent filed a Motion to Dismiss Williams' claims. Williams filed a response. Based on the pleadings and record before the Court, it is uncontested that Williams exhausted all of his claims as required under 28 U.S.C. § 2254. Accordingly, this matter is now ripe for review on the merits.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially

indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### III. Jurisdiction

Williams is entitled to federal habeas relief only if he can demonstrate that his continued detention "violat[es] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). There is some doubt whether Williams may bring his present challenges to Virginia's parole scheme in habeas rather than in a civil rights action under 42 U.S.C. § 1983. The Supreme Court has held those challenges to parole eligibility proceedings which seek new parole procedures, but which would not necessarily result in speedier release, do not "lie[ ] at 'the core of habeas corpus'" and instead are cognizable under 42 U.S.C. § 1983. Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). As the Supreme Court recently explained, "[h]abeas is the exclusive remedy ... for the prisoner who seeks 'immediate or speedier release' from confinement." Skinner v. Switzer, 131 S.Ct. 1289, 1293 (2011) (quoting Wilkinson, 544 U.S. at 82).

The Supreme Court, however, has not decided whether § 1983 is the exclusive remedy for a prisoner, like Williams, who seeks immediate release even though the challenges he raises plainly do not make that remedy available. See Townes v. Jarvis, 577 F.3d 543, 549–50 n.4 (4th

4

Cir. 2009); Terrell v. United States, 564 F.3d 442, 446 (6th Cir. 2009) (noting the circuit courts "appear to be in conflict" on "whether habeas and § 1983 (or the equivalent for a federal prisoner) are mutually exclusive actions"). The Court need not resolve this contentious issue because Williams' constitutional challenges fail under either habeas or § 1983. See Neal v. Fahey, No. 3:07cv374, 2008 WL 728892, at *1 (E.D.Va. Mar. 18, 2008); see also Townes, 577 F.3d at 549–50 n.4; Doxie v. Clarke, No. 2:10CV379, 2011 WL 1930666, at *3 (E.D.Va. Apr. 22, 2011) (allowing similar claims to proceed in habeas).

## IV. Analysis

Williams argues that Virginia's parole laws are facially unconstitutional and therefore void, such that "several thousand state prisoners [including Williams]...have to be released from the unconstitutional custody that they suffer." See Pet. at 1, 3 n.1, ECF No. 1 (citing Va. Code §§ 53.1-136, 53.1-155). The Supreme Court of Virginia rejected this claim on the merits by explaining that "the Court is of the opinion that habeas corpus does not lie in this matter and that the writ of habeas corpus should not be issued as prayed for." See Va. Sup. Ct., April 21, 2010, ECF No. 6-2 (citing Carroll v. Johnson, 685 S.E.2d 647, 652 (Va. 2009)). In reviewing the state court's decision, Williams fails to show that the result was either contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts.

### A. Claim (1): Arbitrary Power

In claim (1), Williams cites Yick Wo v. Hopkins, 118 U.S. 356 (1886), to support his assertion that section 53.1–136(1) is void because the Due Process Clause[1] forbids laws that

---

[1] "No State shall ... deprive any person of life, liberty, or property, without due process of law...." U.S. Const. amend. XIV, § 1.

constitute a grant of "'naked arbitrary power.'" See Pet. at 7, ECF No. 1. In Yick Wo, the petitioner challenged his conviction for operating a laundry without a license.[2] Given the palpably discriminatory manner in which the local authorities dispensed licenses to Chinese and non-Chinese applicants, the Supreme Court concluded that Yick Wo's conviction "amount[ed] to a practical denial by the state of that equal protection of the laws ... [by] the Fourteenth amendment." Id. at 373. The Supreme Court concluded that "[t]hough the law itself be fair on its face, and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the constitution." Id. at 373–74. "Equal protection claims are allowed in such circumstances not because the particular law at issue is facially invalid or inapplicable to the plaintiff's conduct, but because of the concern that individuals with discretion in law enforcement will take advantage of that discretion to oppress unpopular groups." Abcarian v. McDonald, 617 F.3d 931, 940 (7th Cir. 2010).

Williams, however, has failed to advance facts that plausibly suggest the Board has acted in an arbitrary or discriminatory manner in denying him release on parole. Williams suggests the Board merely selects inmates at random for release on parole and directs the Court to the case of Trance W. Wilkins. See Pet. at 10, ECF No. 1.[3] Williams notes that Wilkins was serving a 143-year sentence for two counts of attempted murder, three counts of robbery, multiple weapons

---

[2] The record reflected that local authorities largely refused to grant a license to operate a laundry to Chinese applicants. Yick Wo, 188 U.S. at 374.

[3] This argument is explained in the section Williams labeled "Supporting Facts and Law" for "Constitutional Claim Number Two." In claim (2), Williams challenges Virginia's parole laws as being void for vagueness, whereas this argument more properly supports the claim that those who enforce the parole laws are permitted to act in a discriminatory manner. In deference to Williams' pro se status, it will therefore be considered as potential support for claim (1).

crimes, and one count of attempted escape from custody. After being denied non-mandatory parole release thirteen times, the Board released Wilkins on parole in 2009.[4] Contrary to Williams' suggestion, there appears to be an eminently rational basis for the Board to release Wilkins in 2009, but deny release to Williams. Wilkins became eligible for non-mandatory parole release on October 13, 1989, whereas Williams became eligible for parole release on December 30, 2003. One of the factors that the Board considers when deciding whether to grant parole is the time of the sentence that has been served. See Fahey Aff. at 2, ECF No. 6-3. By 2009, Wilkins had served more than twenty years in prison *after* becoming eligible for parole release. Williams has only served eight years after becoming eligible for parole release. Williams' arguments therefore fail to demonstrate that the Board has acted in an arbitrary or discriminatory manner in denying him release on parole, and claim (1) will be dismissed. Accord Woodfin, 2011 WL 3101792, at *4.

B. Claims (2), (5), (6): Void for Vagueness

In claims (2), (5), and (6), Williams argues that Va. Code § 53.1-136(1) and Va. Code § 53.1-155 are unconstitutional because they are void for vagueness. These statutes provide in pertinent part:

> In addition to the other powers and duties imposed upon the Board by this article, the Board shall:
>
> 1. *Adopt, subject to approval by the Governor, general rules governing the granting of parole and eligibility requirements*, which shall be published and posted for public review;
>
> 2. (a) Release on parole for such time and upon such terms and conditions as the Board shall prescribe, persons convicted of felonies and confined under the laws of the Commonwealth in any correctional facility in Virginia when those

---

[4] Williams, however, does not state how much time Wilkins served prior to being paroled or describe the factual circumstances of Wilkins's offenses.

7

> persons become eligible and are found suitable for parole, according to those rules adopted pursuant to subdivision 1;

Va. Code Ann. § 53.1-136 (West 2011) (emphasis added).

> No person shall be released on parole by the Board until a thorough investigation has been made into the prisoner's history, physical and mental condition and character and his conduct, employment and attitude while in prison. *The Board shall also determine that his release on parole will not be incompatible with the interests of society or of the prisoner.*

Va. Code Ann. § 53.1-155(A) (West 2011) (emphasis added).

Williams argues that the italicized portions of these statutes are unconstitutionally vague. He asserts that the Court should strike these portions of the statutes, thus resulting in his absolute right to be released on parole because he is eligible for parole. Claims (2), (5), and (6) will be dismissed because such arguments are entirely frivolous. See Grimm, 2011 WL 3321474, at *3; Woodfin, 2011 WL 3101792, at *3.

"'It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined.'" City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289-90 (1982) (quoting Groyned v. City of Rockford, 408 U.S. 104, 108 (1972)). "Consistent with that approach, the [Supreme] Court has steadfastly applied the void-for-vagueness doctrine only to statutes or regulations that purport to define the lawfulness of conduct or speech." Nyeholt v. Sec'y Veterans Affairs, 298 F.3d 1350, 1356 (Fed. Cir. 2002) (citing cases). Therefore, "a void-for-vagueness challenge must be directed to a statute or regulation that purports to define the lawfulness or unlawfulness of speech or conduct." Id. at 1357; see Woodruff v. U.S. Dep't of Labor, Office of Workers Comp. Program, 954 F.2d 634, 642 (11th Cir. 1992)) (concluding that regulation which does not seek to regulate the conduct of individuals is not subject to void for vagueness challenge). The parole statutes challenged by Williams do not attempt to define the lawfulness of conduct or speech. Rather, these statutes

merely prescribe the general process and criteria for granting parole in Virginia. Therefore, Williams cannot raise a void for vagueness challenge to these statutes. See Grimm, 2011 WL 3321474, at *3; Woodfin, 2011 WL 3101792, at *3; see also Vann v. Angelone, 73 F.3d 519, 523 (4th Cir. 1996) ("The Constitution simply does not speak to the generality or specificity of the standards for parole eligibility adopted by a state." (citing Greenholtz v. Neb. Penal Inmates, 442 U.S. 1, 7–8 (1979))); Glauner v. Miller, 184 F.3d 1053, 1055 (9th Cir. 1999) (indicating void-for-vagueness challenge did not apply to parole statute which was not "intended to police a citizen's behavior" (citing Kolender v. Lawson, 461 U.S. 352, 357 (1983))); Horsman v. Williams, No. 2:04cv818–MHT, 2006 WL 3350473, at *11 (M.D. Ala. Nov. 16, 2006). But see Hess v. Bd. of Parole & Post–Prison Supervision, 514 F.3d 909, 913–15 (9th Cir. 2008) (applying void-for-vagueness challenge to Oregon's parole laws). Accordingly, Williams' void for vagueness challenges in Claims (2), (5), and (6) lack merit and will be dismissed.[5]

C. Claim (4): Separation of Powers

In claim (4), Williams argues that portions of Virginia's parole scheme that are codified at Va. Code § 53.1 136(1) violate separation of powers principles. The separation of powers

---

[5] Even if the Court were to assume that Williams could mount a void for vagueness challenge to Virginia's parole laws, the statutes pass constitutional muster. The Supreme Court has emphasized that if a state chooses to create a parole system, "the state may be specific or general in defining the conditions for release and the factors that should be considered by the parole authority." Greenholtz, 442 U.S. at 8. Given the broad discretion entrusted to the states in the area of parole, language similar to that employed by Virginia has withstood constitutional challenges. See Glauner, 184 F.3d at 1055 (emphasizing broad discretion traditionally entrusted to parole boards and rejecting void-for-vagueness challenge to provision which prohibited parole eligibility to inmates convicted of enumerated sexual offenses absent a certification that the inmate is not a "menace to the health, safety or morals of others") (internal quotation marks omitted); Lee v. Withrow, 76 F.Supp.2d 789, 792 (E.D.Mich.1999) (rejecting void-for-vagueness challenge to statute which provided inmate shall not be released on parole until the parole board has reasonable assurance the prisoner will not become a menace to society or to the public safety); see also Barber v. Clarke, No. 2:10cv482, 2011 WL 1479881, at *1 (E.D.Va. Apr. 15, 2011); Jackson v. Clarke, No. 2:10cv569, 2011 WL 1675386, at *4 (E.D.Va. Mar. 29, 2011) (rejecting void-for-vagueness challenge to section 53.1–136(2) of the Virginia Code).

9

doctrine is embodied in the federal Constitution, and it is not binding on a state. See Grimm v. Johnson, No. 3:10cv593, 2011 WL 3321474, at *2 (E.D. Va. Aug. 2, 2011) (citing Whalen v. United States, 445 U.S. 684, 689 n.4 (1980) (citing cases); Gozy v. Newland, 52 F. App'x 920, 921 (9th Cir. 2002)). Williams' claim that Virginia's parole scheme violates the doctrine of separation of powers does not provide a basis for federal habeas corpus relief. See id. (citing Gozy, 52 F. App'x at 921 (citing Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Bowling v. Johnson, No 7:09-cv-00085, 2009 WL 1437845, at *4 (W.D. Va. May 21, 2009))); Woodfin v. Johnson, No. 3:10cv495, 2011 WL 3101792, at *2 (E.D. Va. July 25, 2011) (citations omitted). Therefore, claim (4) will be dismissed.

D. Claim (3):

In claim (3), Williams argues that Va. Code § 53.1-136(1) is facially unconstitutional and void in part because of the language that he challenged in claims (1) and (2). Because claim (3) therefore depends upon claims (1) and (2) for support, which have both be dismissed, claim (3) will also be dismissed.

E. Claims (7), (8), (9), (10): Supreme Court of Virginia's Decision

In claims (7), (8), (9), and (10), Williams argues that the Supreme Court of Virginia's dismissal of his state habeas corpus petition was erroneous and violated his state and federal constitutional rights to equal protection and due process of law.

It is well established that the scope of federal habeas review is limited to questions of either the federal Constitution or laws, and it does not extend to reexamination of a state court's interpretation and application of a state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). Williams contends that Virginia's

parole scheme violates the Virginia Constitution. The Supreme Court of Virginia rejected his argument and dismissed his petition. Therefore, to the extent that claims (7), (8), (9), and (10) rest on an alleged misapplication of Virginia law in the state habeas proceedings, they must be dismissed. Because the federal claims that Williams raised in his state habeas petition have already been analyzed and dismissed here, the Supreme Court of Virginia could not have violated Williams' rights by dismissing these claims in his state habeas petition. Accordingly, claims (7), (8), (9), and (10) must be dismissed.

## V. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this /2th day of September 2011.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia